# MULTI-BOARD RESIDENTIAL REAL ESTATE CONTRACT 7.0

1. **1. THE PARTIES:** Buyer and Seller are hereinafter referred to as the "Parties."
2. Buyer Name(s) *[PLEASE PRINT]* Amanda Rakoci and Derek Rakoci
3. Seller Name(s) *[PLEASE PRINT]* John Brownlow and Karen Brownlow
4. If Dual Agency applies, check here ☐ and complete Optional Paragraph 29.

5. **2. THE REAL ESTATE:** Real Estate is defined as the property, all improvements, the fixtures and Personal Property
6. included therein. Seller agrees to convey to Buyer or to Buyer's designated grantee, the Real Estate with
7. approximate lot size or acreage of 75 x 100 _____ commonly known as:
8. 5011 Brighton ln _____ PLAINFIELD _____ IL, 60586 _____ Will
9. Address              Unit # (If applicable)       City           State    Zip      County
10. Permanent Index Number(s): 0603334010080000 _____ ☐ Single Family Attached ☒ Single Family Detached ☐ Multi-Unit
11. **If Designated Parking is Included:** # of space(s) ____; identified as space(s) # ____; location ____
12. *[CHECK TYPE]* ☐ deeded space, PIN: _____ ☐ limited common element ☐ assigned space.
13. **If Designated Storage is Included:** # of space(s) ____; identified as space(s) # ____; location ____
14. *[CHECK TYPE]* ☐ deeded space, PIN: _____ ☐ limited common element ☐ assigned space.

15. **3. FIXTURES AND PERSONAL PROPERTY AT NO ADDED VALUE:** All of the fixtures and included Personal Property
16. are owned by Seller and to Seller's knowledge are in operating condition on Date of Acceptance, unless otherwise
17. stated herein. Seller agrees to transfer to Buyer all fixtures, all heating, electrical, plumbing, and well systems
18. together with the following items at no added value by Bill of Sale at Closing *[CHECK OR ENUMERATE APPLICABLE ITEMS]*:

| | | | | | | |
|---|---|---|---|---|---|---|
| 19 | x Refrigerator | | Wine/Beverage Refrigerator | x Light Fixtures, as they exist | x Fireplace Gas Log(s) |
| 20 | x Oven/Range/Stove | x | Sump Pump(s) | x Built-in or attached shelving | x Smoke Detectors |
| 21 | x Microwave | | Water Softener (unless rented) | x All Window Treatments & Hardware | x Carbon Monoxide Detectors |
| 22 | x Dishwasher | x | Central Air Conditioning | Satellite Dish | Invisible Fence System, Collar & Box |
| 23 | x Garbage Disposal | x | Central Humidifier | Wall Mounted Brackets (AV/TV) | x Garage Door Opener(s) |
| 24 | Trash Compactor | | Central Vac & Equipment | Security System(s) (unless rented) | with all Transmitters |
| 25 | x Washer | x | All Tacked Down Carpeting | Intercom System | Outdoor Shed |
| 26 | x Dryer | x | Existing Storms & Screens | Electronic or Media Air Filter(s) | Outdoor Playset(s) |
| 27 | Attached Gas Grill | | Window Air Conditioner(s) | Backup Generator System | x Planted Vegetation |
| 28 | x Water Heater | x | Ceiling Fan(s) | x Fireplace Screens/Doors/Grates | x Hardscape |

29. **Other Items Included at No Added Value:** air hockey table
30. **Items Not Included:** _____
31. Seller warrants to Buyer that all fixtures, systems and Personal Property included in this Contract shall be in
32. operating condition at Possession except: _____.
33. A system or item shall be deemed to be in operating condition if it performs the function for which it is intended,
34. regardless of age, and does not constitute a threat to health or safety.
35. **If Home Warranty applies, check here** ☒ **and complete Optional Paragraph 32.**

36. **4. PURCHASE PRICE AND PAYMENT:** The Purchase Price is $ 258,000 _____. After the payment of Earnest
37. Money as provided below, the balance of the Purchase Price, as adjusted by prorations, shall be paid at Closing in
38. "Good Funds" as defined by law.
39.   a) **CREDIT AT CLOSING:** *[IF APPLICABLE]* Provided Buyer's lender permits such credit to show on the final
40.      settlement statement or lender's closing disclosure, **and if not, such lesser amount as the lender permits,** Seller
41.      agrees to credit $ 2000 _____ to Buyer at Closing to be applied to prepaid expenses, closing costs or both.
42.   b) **EARNEST MONEY:** Earnest Money of $ 1500 _____ shall be tendered to Escrowee on or before 3 ___
43.      Business Days after Date of Acceptance. Additional Earnest Money, if any, of $ _____ shall be tendered
44.      by _____. Earnest Money shall be held in trust for the mutual benefit of the Parties by

Buyer Initial _AR 05/16/19 1:09 PM CDT_  Buyer Initial _DR 05/16/19 1:30 PM CDT_  Seller Initial _JB 05/16/19 7:48 PM CDT dotloop verified_  Seller Initial _KB 05/16/19 7:43 PM CDT dotloop verified_

Address: **5011 Brighton ln, PLAINFIELD, IL 60586**

EXHIBIT A

89 to close. Buyer understands and agrees that, so long as Seller has fully complied with Seller's obligations under this
90 Contract, any act or omission outside of the control of Seller, whether intentional or not, that prevents Buyer from
91 satisfying the Balance Due at Closing, shall constitute a material breach of this Contract by Buyer. The Parties shall
92 share the title company escrow closing fee equally. **Unless otherwise provided in Paragraph 30, this Contract shall**
93 **not be contingent upon the sale and/or closing of Buyer's existing real estate.**

94 ☐ c) **CASH TRANSACTION, MORTGAGE ALLOWED:** If this selection is made, Buyer will pay at closing,
95 in the form of "Good Funds," the Balance Due at Closing. Buyer represents to Seller, as of the Date of Offer, that Buyer
96 has sufficient funds available to satisfy the provisions of this subparagraph. Buyer agrees to verify the above
97 representation upon the reasonable request of Seller and to authorize the disclosure of such financial information to
98 Seller, Seller's attorney or Seller's broker that may be reasonably necessary to prove the availability of sufficient funds
99 to close. Notwithstanding such representation, Seller agrees to reasonably and promptly cooperate with Buyer so that
100 Buyer may apply for and obtain a mortgage loan or loans including but not limited to providing access to the Real
101 Estate to satisfy Buyer's obligations to pay the Balance Due at Closing. Such cooperation shall include the performance
102 in a timely manner of all of Seller's pre-closing obligations under this Contract. **This Contract shall NOT be contingent**
103 **upon Buyer obtaining financing**. Buyer understands and agrees that, so long as Seller has fully complied with Seller's
104 obligations under this Contract, any act or omission outside of the control of Seller, whether intentional or not, that
105 prevents Buyer from satisfying the Balance Due at Closing shall constitute a material breach of this Contract by Buyer.
106 Buyer shall pay the title company escrow closing fee if Buyer obtains a mortgage; provided however, if Buyer elects
107 to close without a mortgage loan, the Parties shall share the title company escrow closing fee equally. **Unless otherwise**
108 **provided in Paragraph 30, this Contract shall not be contingent upon the sale and/or closing of Buyer's existing**
109 **real estate.**

110 **8. STATUTORY DISCLOSURES:** If applicable, prior to signing this Contract, Buyer:
111 *[CHECK ONE]* ☑ has ☐ has not received a completed Illinois Residential Real Property Disclosure;
112 *[CHECK ONE]* ☐ has ☑ has not received the EPA Pamphlet, "Protect Your Family From Lead In Your Home;"
113 *[CHECK ONE]* ☐ has ☑ has not received a Lead-Based Paint Disclosure;
114 *[CHECK ONE]* ☑ has ☐ has not received the IEMA, "Radon Testing Guidelines for Real Estate Transactions;"
115 *[CHECK ONE]* ☑ has ☐ has not received the Disclosure of Information on Radon Hazards.

116 **9. PRORATIONS:** The requirements contained in this paragraph shall survive the Closing. Proratable items shall
117 be prorated to and including the Date of Closing and shall include without limitation, general real estate taxes,
118 rents and deposits (if any) from tenants; Special Service Area or Special Assessment Area tax for the year of Closing
119 only; utilities, water and sewer, pre-purchased fuel; and Homeowner or Condominium Association fees (and
120 Master/Umbrella Association fees, if applicable). Accumulated reserves of a Homeowner/Condominium
121 Association(s) are not a proratable item.
122     a) The general real estate taxes shall be prorated to and including the date of Closing based on **105** % of
123     the most recent ascertainable full year tax bill. All general real estate tax prorations shall be final as of Closing,
124     except as provided in Paragraph 23. If the amount of the most recent ascertainable full year tax bill reflects a
125     homeowner, senior citizen, disabled veteran or other exemption, a senior freeze or senior deferral, then Seller
126     has submitted or will submit in a timely manner all necessary documentation to the appropriate governmental
127     entity, before or after Closing, to preserve said exemption(s). **The proration shall not include exemptions to**
128     **which the Seller is not lawfully entitled.**
129     b) Seller represents, if applicable, that as of Date of Acceptance Homeowner/Condominium Association(s)
130     fees are $**80**_____ per **month**_____ (and, if applicable, Master/Umbrella Association fees are
131     $_____ per _____). Seller agrees to pay prior to or at Closing the remaining balance of any
132     special assessments by the Association(s) confirmed prior to Date of Acceptance.

Buyer Initial *AR* 05/16/19 1:09 PM CDT    Buyer Initial *DR* 05/16/19 1:30 PM CDT    Seller Initial *JB* 05/16/19 7:48 PM CDT dotloop verified    Seller Initial *KB* 05/16/19 7:43 PM CDT dotloop verified

Address: 5011 Brighton Ln, PLAINFIELD, IL 60586                                          07.0

176  b) Buyer shall serve Notice upon Seller or Seller's attorney of any major component defects disclosed by any
177  inspection for which Buyer requests resolution by Seller within five (5) Business Days (ten (10) calendar days
178  for a lead-based paint or lead-based paint hazard inspection) after Date of Acceptance. **Buyer shall not send
179  any portion of the inspection report with the Notice provided under this subparagraph unless such
180  inspection report, or any part thereof, is specifically requested in writing by Seller or Seller's attorney.** If
181  after expiration of ten (10) Business Days after Date of Acceptance written agreement has not been reached by
182  the Parties with respect to resolution of all inspection issues, either Party may terminate this Contract by
183  serving Notice to the other Party, whereupon this Contract shall be immediately deemed terminated.
184  c) Notwithstanding anything to the contrary set forth above in this paragraph, in the event the inspection
185  reveals that the condition of the Real Estate is unacceptable to Buyer and Buyer serves Notice to Seller within
186  five (5) Business Days after Date of Acceptance, this Contract shall be null and void. Said Notice shall not
187  include any portion of the inspection reports unless requested by Seller.
188  d) **Failure of Buyer to conduct said inspection(s) and notify Seller within the time specified operates as a
189  waiver of Buyer's rights to terminate this Contract under this Paragraph 12 and this Contract shall remain
190  in full force and effect.**

191  **13. HOMEOWNER INSURANCE:** This Contract is contingent upon Buyer obtaining evidence of insurability for an
192  Insurance Service Organization HO-3 or equivalent policy at standard premium rates within ten (10) Business
193  Days after Date of Acceptance. **If Buyer is unable to obtain evidence of insurability and serves Notice with proof
194  of same to Seller within the time specified, this Contract shall be null and void. If Notice is not served within
195  the time specified, Buyer shall be deemed to have waived this contingency and this Contract shall remain in
196  full force and effect.**

197  **14. FLOOD INSURANCE:** Buyer shall have the option to declare this Contract null and void if the Real Estate is
198  located in a special flood hazard area. **If Notice of the option to declare contract null and void is not given to
199  Seller within ten (10) Business Days after Date of Acceptance or by the Loan Contingency Date, whichever is
200  later, Buyer shall be deemed to have waived such option and this Contract shall remain in full force and effect.**
201  Nothing herein shall be deemed to affect any rights afforded by the Residential Real Property Disclosure Act.

202  **15. CONDOMINIUM/COMMON INTEREST ASSOCIATIONS:** *[IF APPLICABLE]* The Parties agree that the terms
203  contained in this paragraph, which may be contrary to other terms of this Contract, shall supersede any conflicting
204  terms, and shall apply to property subject to the Illinois Condominium Property Act and the Common Interest
205  Community Association Act or other applicable state association law ("Governing Law").
206  a) Title when conveyed shall be good and merchantable, subject to terms and provisions of the Declaration of
207  Condominium/Covenants, Conditions and Restrictions ("Declaration/CCRs") and all amendments; public and
208  utility easements including any easements established by or implied from the Declaration/CCRs or
209  amendments thereto; party wall rights and agreements; limitations and conditions imposed by the Governing
210  Law; installments due after the date of Closing of general assessments established pursuant to the Declaration/CCRs.
211  b) Seller shall be responsible for payment of all regular assessments due and levied prior to Closing and for
212  all special assessments confirmed prior to Date of Acceptance.
213  c) Seller shall notify Buyer of any proposed special assessment or increase in any regular assessment between
214  Date of Acceptance and Closing. The Parties shall have three (3) Business Days to reach agreement relative to
215  payment thereof. Absent such agreement either Party may declare the Contract null and void.
216  d) Seller shall, within ten (10) Business Days from Date of Acceptance, apply for those items of disclosure
217  upon sale as described in the Governing Law, and provide same in a timely manner, but no later than the time
218  period provided for by law. This Contract is subject to the condition that Seller be able to procure and provide
219  to Buyer a release or waiver of any right of first refusal or other pre-emptive rights to purchase created by the

Buyer Initial _GR 05/16/19 1:09 PM CDT_  Buyer Initial _DR 05/16/19 1:30 PM CDT_   Seller Initial _JB 05/16/19 7:48 PM CDT dotloop verified_  Seller Initial _KB 05/16/19 7:43 PM CDT dotloop verified_
Address: 5011 Brighton ln, PLAINFIELD, IL 60586

264 to the current Minimum Standard of Practice for boundary surveys, is dated not more than six (6) months prior to
265 the date of Closing, and is prepared by a professional land surveyor licensed to practice land surveying under the
266 laws of the State of Illinois. The Plat of Survey shall show visible evidence of improvements, rights of way,
267 easements, use and measurements of all parcel lines. The land surveyor shall set monuments or witness corners at
268 all accessible corners of the land. **All such corners shall also be visibly staked or flagged.** The Plat of Survey shall
269 include the following statement placed near the professional land surveyor's seal and signature: "This professional
270 service conforms to the current Illinois Minimum Standards for a boundary survey." A Mortgage Inspection, as
271 defined, is not a boundary survey and is not acceptable.

272 **20. DAMAGE TO REAL ESTATE OR CONDEMNATION PRIOR TO CLOSING:** If prior to delivery of the deed the Real
273 Estate shall be destroyed or materially damaged by fire or other casualty, or the Real Estate is taken by
274 condemnation, then Buyer shall have the option of either terminating this Contract (and receiving a refund of
275 Earnest Money) or accepting the Real Estate as damaged or destroyed, together with the proceeds of the
276 condemnation award or any insurance payable as a result of the destruction or damage, which gross proceeds
277 Seller agrees to assign to Buyer and deliver to Buyer at Closing. Seller shall not be obligated to repair or replace
278 damaged improvements. The provisions of the Uniform Vendor and Purchaser Risk Act of the State of Illinois shall
279 be applicable to this Contract, except as modified by this paragraph.

280 **21. CONDITION OF REAL ESTATE AND INSPECTION:** Seller agrees to leave the Real Estate in broom clean condition.
281 All refuse and personal property that is not to be conveyed to Buyer shall be removed from the Real Estate at
282 Seller's expense prior to delivery of Possession. Buyer shall have the right to inspect the Real Estate, fixtures and
283 included Personal Property prior to Possession to verify that the Real Estate, improvements and included Personal
284 Property are in substantially the same condition as of Date of Acceptance, normal wear and tear excepted.

285 **22. SELLER REPRESENTATIONS:** Seller's representations contained in this paragraph shall survive the Closing.
286 Seller represents that with respect to the Real Estate, Seller has no knowledge of, nor has Seller received any written
287 notice from any association or governmental entity regarding:
288   a) zoning, building, fire or health code violations that have not been corrected;
289   b) any pending rezoning;
290   c) boundary line disputes;
291   d) any pending condemnation or Eminent Domain proceeding;
292   e) easements or claims of easements not shown on the public records;
293   f) any hazardous waste on the Real Estate;
294   g) real estate tax exemption(s) to which Seller is not lawfully entitled; or
295   h) any improvements to the Real Estate for which the required initial and final permits were not obtained.
296 Seller further represents that there [CHECK ONE] ☐ are ☑ are not improvements to the Real Estate which are not
297 [INITIALS]
298 included in full in the determination of the most recent tax assessment.
299 [INITIALS] There [CHECK ONE] ☐ are ☑ are not improvements to the Real Estate which are eligible
300 for the home improvement tax exemption.
301 [INITIALS] There [CHECK ONE] ☐ is ☑ is not an unconfirmed pending special assessment affecting
302 the Real Estate by any association or governmental entity payable by Buyer after the date of Closing.
303 [INITIALS] The Real Estate [CHECK ONE] ☐ is ☑ is not located within a Special Assessment Area or
304 Special Service Area, payments for which will not be the obligation of Seller after the year in which the Closing occurs.
305 All Seller representations shall be deemed re-made as of Closing. If prior to Closing Seller becomes aware of
306 matters that require modification of the representations previously made in this Paragraph 22, Seller shall



Buyer Initial _AR 05/16/19_    Buyer Initial _DR 05/16/19_    Seller Initial _JB 05/16/19_    Seller Initial _KB 05/16/19_
Address: **5011 Brighton ln, PLAINFIELD, IL 60586**
Page 7 of 13

351 b) By mailing to the addresses recited herein on Page 13 by regular mail and by certified mail, return receipt
352 requested. Except as otherwise provided herein, Notice served by certified mail shall be effective on the date of mailing; or
353 c) By facsimile transmission. Notice shall be effective as of date and time of the transmission, provided that the
354 Notice transmitted shall be sent on Business Days during Business Hours. In the event Notice is transmitted during
355 non-business hours, the effective date and time of Notice is the first hour of the next Business Day after transmission; or
356 d) By e-mail transmission if an e-mail address has been furnished by the recipient Party or the recipient Party's
357 attorney to the sending Party or is shown in this Contract. Notice shall be effective as of date and time of e-mail
358 transmission, provided that, in the event e-mail Notice is transmitted during non-business hours, the effective date
359 and time of Notice is the first hour of the next Business Day after transmission. An attorney or Party may opt out
360 of future e-mail Notice by any form of Notice provided by this Contract; or
361 e) By commercial overnight delivery (e.g., FedEx). Such Notice shall be effective on the next Business Day
362 following deposit with the overnight delivery company.
363 f) If a Party fails to provide contact information herein, as required, Notice may be served upon the Party's
364 Designated Agent in any of the manners provided above.
365 g) The Party serving a Notice shall provide courtesy copies to the Parties' Designated Agents. Failure to provide
366 such courtesy copies shall not render Notice invalid.

367 **28. PERFORMANCE: Time is of the essence of this Contract.** In any action with respect to this Contract, the Parties
368 are free to pursue any legal remedies at law or in equity and the prevailing party in litigation shall be entitled to collect
369 reasonable attorney fees and costs from the non-prevailing party as ordered by a court of competent jurisdiction.

370 **THE FOLLOWING NUMBERED PARAGRAPHS ARE A PART OF THIS CONTRACT ONLY IF INITIALED BY THE PARTIES.**

371 *[INITIALS]*_____ **29. CONFIRMATION OF DUAL AGENCY:** The Parties confirm that they have previously
372 consented to _____ *[LICENSEE]* acting as a Dual Agent in providing brokerage services on
373 their behalf and specifically consent to Licensee acting as a Dual Agent with regard to the transaction referred to in
374 this Contract.
375 **30. SALE OF BUYER'S REAL ESTATE:**
376 a) **REPRESENTATIONS ABOUT BUYER'S REAL ESTATE:** Buyer represents to Seller as follows:
377 1) Buyer owns real estate (hereinafter referred to as "Buyer's real estate") with the address of:
378 **2605 Oak Tree Lane Plainfield, IL 60586**
379 Address                                City                State        Zip
380 2) Buyer *[CHECK ONE]* ☑ has ☐ has not entered into a contract to sell Buyer's real estate.
381 If Buyer has entered into a contract to sell Buyer's real estate, that contract:
382 a) *[CHECK ONE]* ☑ is ☐ is not subject to a mortgage contingency.
383 b) *[CHECK ONE]* ☐ is ☑ is not subject to a real estate sale contingency.
384 c) *[CHECK ONE]* ☐ is ☑ is not subject to a real estate closing contingency.
385 3) Buyer *[CHECK ONE]* ☑ has ☐ has not publicly listed Buyer's real estate for sale with a licensed real estate broker
386 and in a local multiple listing service.
387 4) If Buyer's real estate is not publicly listed for sale with a licensed real estate broker and in a local multiple
388 listing service, Buyer *[CHECK ONE]*:
389 a) ☐ Shall publicly list real estate for sale with a licensed real estate broker who will place it in a local
390 multiple listing service within five (5) Business Days after Date of Acceptance.
391 *[FOR INFORMATION ONLY]* Broker:_____
392 Broker's Address:_____ Phone:_____
393 b) ☐ Does not intend to list said real estate for sale.

Buyer Initial _GR 05/16/19 1:09 PM CDT_ Buyer Initial _DR 05/16/19 1:30 PM CDT_   Seller Initial _JB 05/16/19 7:48 PM CDT dotloop verified_ Seller Initial _KB 05/16/19 7:43 PM CDT dotloop verified_
Address: **5011 Brighton ln, PLAINFIELD, IL 60586**

d) **WAIVER OF PARAGRAPH 30 CONTINGENCIES:** Buyer shall be deemed to have waived the contingencies in Paragraph 30 b) when Buyer has delivered written waiver and deposited with the Escrowee additional earnest money in the amount of $_____ in the form of a cashier's or certified check within the time specified. **If Buyer fails to deposit the additional earnest money within the time specified, the waiver shall be deemed ineffective and this Contract shall be null and void.**

e) **BUYER COOPERATION REQUIRED:** Buyer authorizes Seller or Seller's agent to verify representations contained in Paragraph 30 at any time, and Buyer agrees to cooperate in providing relevant information.

**31. CANCELLATION OF PRIOR REAL ESTATE CONTRACT:** In the event either Party has entered into a prior real estate contract, this Contract shall be subject to written cancellation of the prior contract on or before _____. **In the event the prior contract is not cancelled within the time specified, this Contract shall be null and void.** If prior contract is subject to Paragraph 30 contingencies, Seller's notice to the purchaser under the prior contract should not be served until after Attorney Review and Professional Inspections provisions of this Contract have expired, been satisfied or waived.

**32. HOME WARRANTY:** Seller shall provide at no expense to Buyer a Home Warranty at a cost of $590. Evidence of a fully pre-paid policy shall be delivered at Closing.

**33. WELL OR SANITARY SYSTEM INSPECTIONS:** Seller shall obtain at Seller's expense a well water test stating that the well delivers not less than five (5) gallons of water per minute and including a bacteria and nitrate test and/or a septic report from the applicable County Health Department, a Licensed Environmental Health Practitioner, or a licensed well and septic inspector, each dated not more than ninety (90) days prior to Closing, stating that the well and water supply and the private sanitary system are in operating condition with no defects noted. Seller shall remedy any defect or deficiency disclosed by said report(s) prior to Closing, provided that if the cost of remedying a defect or deficiency and the cost of landscaping together exceed $3,000, and if the Parties cannot reach agreement regarding payment of such additional cost, this Contract may be terminated by either Party. Additional testing recommended by the report shall be obtained at the Seller's expense. If the report recommends additional testing after Closing, the Parties shall have the option of establishing an escrow with a mutual cost allocation for necessary repairs or replacements, or either Party may terminate this Contract prior to Closing. Seller shall deliver a copy of such evaluation(s) to Buyer not less than ten (10) Business Days prior to Closing.

**34. WOOD DESTROYING INFESTATION:** Notwithstanding the provisions of Paragraph 12, within ten (10) Business Days after Date of Acceptance, Seller at Seller's expense shall deliver to Buyer a written report, dated not more than six (6) months prior to the Date of Closing, by a licensed inspector certified by the appropriate state regulatory authority in the subcategory of termites, stating that there is no visible evidence of active infestation by termites or other wood destroying insects. Unless otherwise agreed between the Parties, if the report discloses evidence of active infestation or structural damage, Buyer has the option within five (5) Business Days of receipt of the report to proceed with the purchase or to declare this Contract null and void.

**35. POSSESSION AFTER CLOSING:** Possession shall be delivered no later than 11:59 p.m. on the date that is *[CHECK ONE]* ☐____ days after the date of Closing or ☐_____ ("the Possession Date"). Seller shall be responsible for all utilities, contents and liability insurance, and home maintenance expenses until delivery of possession. Seller shall deposit in escrow at Closing with an escrowee as agreed, the sum of $_____ (if left blank, two percent (2%) of the Purchase Price) and disbursed as follows:

a) The sum of $_____ per day for use and occupancy from and including the day after Closing to and including the day of delivery of Possession if on or before the Possession Date;

b) The amount per day equal to three (3) times the daily amount set forth herein shall be paid for each day after the Possession Date specified in this paragraph that Seller remains in possession of the Real Estate; and

Buyer Initial ____ Buyer Initial ____    Seller Initial ____ Seller Initial ____
Address: 5011 Brighton ln, PLAINFIELD, IL 60586
Page 11 of 13

513  THE PARTIES ACKNOWLEDGE THAT THIS CONTRACT SHALL BE GOVERNED BY THE LAWS OF THE STATE OF ILLINOIS AND IS SUBJECT TO THE
514  COVENANT OF GOOD FAITH AND FAIR DEALING IMPLIED IN ALL ILLINOIS CONTRACTS.
515  THIS DOCUMENT WILL BECOME A LEGALLY BINDING CONTRACT WHEN SIGNED BY ALL PARTIES AND DELIVERED TO THE PARTIES OR THEIR AGENTS.
516  THE PARTIES REPRESENT THAT THE TEXT OF THIS COPYRIGHTED FORM HAS NOT BEEN ALTERED AND IS IDENTICAL TO THE OFFICIAL MULTI-
517  BOARD RESIDENTIAL REAL ESTATE CONTRACT 7.0.

518  **May 16, 2019**
519  Date of Offer                                                                 DATE OF ACCEPTANCE
520  *Amanda Rakoci*  (dotloop verified 05/16/19 1:09 PM CDT BUYE-IQI9-ENHK-RSW7)   *John Brownlow*  (dotloop verified 05/16/19 7:48 PM CDT FG1T-BEHG-QZJC-5Y3U)
521  Buyer Signature                                                               Seller Signature
522  *Derek Rakoci*  (dotloop verified 05/16/19 1:30 PM CDT YP45-Wi1T-TJRZ-E1BC)   *Karen Brownlow*  (dotloop verified 05/16/19 7:43 PM CDT O3D1-JL9Z-HBXM-KY1J)
523  Buyer Signature                                                               Seller Signature
524  **Amanda Rakoci and Derek Rakoci**                                            John Brownlow and Karen Brownlow
525  Print Buyer(s) Name(s) [REQUIRED]                                             Print Seller(s) Name(s) [REQUIRED]
526  **2605 Oak Tree Ln.**
527  Address [REQUIRED]                                                            Address [REQUIRED]
528  **Plainfield, IL 60586**
529  City, State, Zip [REQUIRED]                                                   City, State, Zip [REQUIRED]
530  **630-835-7322**        mandyrakoci04@yahoo.com, D_Rakoci@outlook.com
531  Phone                   E-mail                                                Phone                   E-mail

532                                          **FOR INFORMATION ONLY**
533  **Keller Williams Experience  26515**        **481012457**        **Coldwell Banker Residential**  23076
534  Buyer's Brokerage                MLS #        State License #      Seller's Brokerage              MLS #        State License #
535  **5122 Main St, Downers Grove, IL 60515**                          1212 S. Naper Blvd #122 Naperville, IL 60540
536  Address                          City         Zip                  Address                         City         Zip
537  **Kim Moustis/LeAnn Tantillo  214345**        **471002224**        **Kathy Melone**                227796
538  Buyer's Designated Agent         MLS #        State License #      Seller's Designated Agent       MLS #        State License #
539  **630-235-4712**                                                   630-699-3256
540  Phone                            Fax                               Phone                           Fax
541  **leann@moustisgroup.com**                                         **kathy.melone@cbexchange.com**
542  E-mail                                                             E-mail
543  **Deborah Lifka**         **dpl@lifkalaw.com**                     Jeff McElroy      jeff@mcelroylaw.net
544  Buyer's Attorney          E-mail                                   Seller's Attorney               E-mail
545  **1551 Warren Ave., Dowenrs Grove, IL 60515**
546  Address                          City         State       Zip      Address                         City         State       Zip
547  **630-434-9889**                                                   630-385-8547
548  Phone                            Fax                               Phone                           Fax
549  **Compass Mortgage**                           630-742-4160
550  Mortgage Company                               Phone               Homeowner's/Condo Association (if any)        Phone
551  **Todd Godsen**
552  Loan Officer                                   Phone/Fax           Management Co./Other Contact                  Phone
553  **toddgosden@compmort.com**                                        AMG   815-744-6822
554  Loan Officer E-mail                                                Management Co./Other Contact E-mail

555  Illinois Real Estate License Law requires all offers be presented in a timely manner; Buyer requests verification that this offer was presented.
556  Seller rejection: This offer was presented to Seller on _____ at _____ a.m./p.m. and rejected on _____
557  _____ at _____ a.m./p.m. ☐ ☐ [SELLER INITIALS]

558  © 2018. All rights reserved. Unauthorized duplication or alteration of this form or any portion thereof is prohibited. Official form available at www.irela.org (website of Illinois Real Estate Lawyers
559  Association). Approved by the following organizations, December 2018: Belvidere Board of REALTORS® · Chicago Association of REALTORS® · Chicago Bar Association · DuPage County Bar Association ·
560  Heartland REALTOR® Organization · Grundy County Bar Association · Hometown Association of REALTORS® · Illinois Real Estate Lawyers Association · Illini Valley Association of REALTORS® · Kane
561  County Bar Association · Kankakee-Iroquois-Ford County Association of REALTORS® · Mainstreet Organization of REALTORS® · McHenry County Bar Association · North Shore-Barrington Association
562  of REALTORS® · North Suburban Bar Association · Northwest Suburban Bar Association · Oak Park Area Association of REALTORS® · REALTOR® Association of the Fox Valley, Inc. · Three Rivers
563  Association of REALTORS · Will County Bar Association ·




# ILLINOIS REALTORS®
## DISCLOSURE OF INFORMATION ON RADON HAZARDS
### (For Residential Real Property Sales or Purchases)

**Radon Warning Statement**

*Every buyer of any interest in residential real property is notified that the property may present exposure to dangerous levels of indoor radon gas that may place the occupants at risk of developing radon-induced lung cancer. Radon, a Class-A human carcinogen, is the leading cause of lung cancer in non-smokers and the second leading cause overall. The seller of any interest in residential real property is required to provide the buyer with any information on radon test results of the dwelling showing elevated levels of radon in the seller's possession.*

*The Illinois Emergency Management Agency (IEMA) strongly recommends ALL homebuyers have an indoor radon test performed prior to purchase or taking occupancy, and mitigated if elevated levels are found. Elevated radon concentrations can easily be reduced by a qualified, licensed radon mitigator.*

**Seller's Disclosure (initial each of the following which applies)**

☐ ☐ (a) Elevated radon concentrations (above EPA or IEMA recommended Radon Action Level) are known to be present within the dwelling. (Explain).

☐ ☐ (b) Seller has provided the purchaser with the most current records and reports pertaining to elevated radon concentrations within the dwelling.

[JB 04/14/19 8:40 PM CDT dotloop verified] [KB 04/14/19 12:48 PM CDT dotloop verified] (c) Seller either has no knowledge of elevated radon concentrations in the dwelling or prior elevated radon concentrations have been mitigated or remediated.

[JB 04/14/19 8:40 PM CDT dotloop verified] [KB 04/14/19 12:48 PM CDT dotloop verified] (d) Seller has no records or reports pertaining to elevated radon concentrations within the dwelling.

**Purchaser's Acknowledgment (initial each of the following which applies)**

☐ ☐ (e) Purchaser has received copies of all information listed above.

[DR 05/16/19 10:54 AM CDT dotloop verified] [AR 05/16/19 10:37 AM CDT dotloop verified] (f) Purchaser has received the IEMA approved Radon Disclosure Pamphlet.

**Agent's Acknowledgement (initial IF APPLICABLE)**

[KM 04/12/19 6:43 PM CDT dotloop verified] (g) Agent has informed the seller of the seller's obligations under Illinois law.

**Certification of Accuracy**

The following parties have reviewed the information above and each party certifies, to the best of his or her knowledge, that the information he or she has provided is true and accurate.

Seller *John Brownlow* [dotloop verified 04/14/19 8:40 PM CDT BQTW-DAAG-HV5E-HK3T] Date _____

Seller *Karen Brownlow* [dotloop verified 04/14/19 12:48 PM CDT OSEI-4WDL-C45Y-CCLS] Date _____

Purchaser *Derek Rakoci* [dotloop verified 05/16/19 10:54 AM CDT 9724-HJBD-PR4A-NYPX] Date _____

Purchaser *Amanda Rakoci* [dotloop verified 05/16/19 10:37 AM CDT UUUL-R9DO-C1DW-2OYM] Date _____

Agent *Kathy Melone* [dotloop verified 04/12/19 6:43 PM CDT UF5N-MSU7-PO7R-NZX6] Date _____

Agent *LeAnn Tantillo* [dotloop verified 05/16/19 10:33 AM CDT JL2D-FWKK-9MCT-3FPG] Date _____

**Property Address:** 5011 Brighton Lane

**City, State, Zip Code:** Plainfield, IL 60586

FORM 422 (7/28/16) COPYRIGHT ILLINOIS REALTORS®                                                                 1/1




# Illinois REALTORS®
# RESIDENTIAL REAL PROPERTY DISCLOSURE REPORT
## (765 ILCS 77/35)

NOTICE: THE PURPOSE OF THIS REPORT IS TO PROVIDE PROSPECTIVE BUYERS WITH INFORMATION ABOUT MATERIAL DEFECTS IN THE RESIDENTIAL REAL PROPERTY. THIS REPORT DOES NOT LIMIT THE PARTIES' RIGHT TO CONTRACT FOR THE SALE OF RESIDENTIAL REAL PROPERTY IN "AS IS" CONDITION. UNDER COMMON LAW, SELLERS WHO DISCLOSE MATERIAL DEFECTS MAY BE UNDER A CONTINUING OBLIGATION TO ADVISE THE PROSPECTIVE BUYERS ABOUT THE CONDITION OF THE RESIDENTIAL REAL PROPERTY EVEN AFTER THE REPORT IS DELIVERED TO THE PROSPECTIVE BUYER. COMPLETION OF THIS REPORT BY THE SELLER CREATES LEGAL OBLIGATIONS ON THE SELLER; THEREFORE SELLER MAY WISH TO CONSULT AN ATTORNEY PRIOR TO COMPLETION OF THIS REPORT.

Property Address: 5011 Brighton Lane

City, State & Zip Code: Plainfield, IL 60586

Seller's Name: John Brownlow and Karen Brownlow

This Report is a disclosure of certain conditions of the residential real property listed above in compliance with the Residential Real Property Disclosure Act. This information is provided as of 04/12/2019 and does not reflect any changes made or occurring after that date or information that becomes known to the seller after that date. The disclosures herein shall not be deemed warranties of any kind by the seller or any person representing any party in this transaction.

In this form, "am aware" means to have actual notice or actual knowledge without any specific investigation or inquiry. In this form, a "material defect" means a condition that would have a substantial adverse effect on the value of the residential real property or that would significantly impair the health or safety of future occupants of the residential real property unless the seller reasonably believes that the condition has been corrected.

The seller discloses the following information with the knowledge that even though the statements herein are not deemed to be warranties, prospective buyers may choose to rely on this information in deciding whether or not and on what terms to purchase the residential real property.

The seller represents that to the best of his or her actual knowledge, the following statements have been accurately noted as "yes" (correct), "no" (incorrect), or "not applicable" to the property being sold. If the seller indicates that the response to any statement, except number 1, is yes or not applicable, the seller shall provide an explanation, in the additional information area of this form.

| | YES | NO | N/A | |
|---|---|---|---|---|
| 1. | ☒ | ☐ | ☐ | Seller has occupied the property within the last 12 months. (No explanation is needed.) |
| 2. | ☐ | ☒ | ☐ | I am aware of flooding or recurring leakage problems in the crawl space or basement. |
| 3. | ☐ | ☒ | ☐ | I am aware that the property is located in a flood plain or that I currently have flood hazard insurance on the property. |
| 4. | ☐ | ☒ | ☐ | I am aware of material defects in the basement or foundation (including cracks and bulges). |
| 5. | ☐ | ☒ | ☐ | I am aware of leaks or material defects in the roof, ceilings, or chimney. |
| 6. | ☐ | ☒ | ☐ | I am aware of material defects in the walls, windows, doors, or floors. |
| 7. | ☐ | ☒ | ☐ | I am aware of material defects in the electrical system. |
| 8. | ☐ | ☒ | ☐ | I am aware of material defects in the plumbing system (includes such things as water heater, sump pump, water treatment system, sprinkler system, and swimming pool). |
| 9. | ☐ | ☒ | ☐ | I am aware of material defects in the well or well equipment. |
| 10. | ☐ | ☒ | ☐ | I am aware of unsafe conditions in the drinking water. |
| 11. | ☐ | ☒ | ☐ | I am aware of material defects in the heating, air conditioning, or ventilating systems. |
| 12. | ☐ | ☒ | ☐ | I am aware of material defects in the fireplace or wood burning stove. |
| 13. | ☐ | ☒ | ☐ | I am aware of material defects in the septic, sanitary sewer, or other disposal system. |
| 14. | ☐ | ☒ | ☐ | I am aware of unsafe concentrations of radon on the premises. |
| 15. | ☐ | ☒ | ☐ | I am aware of unsafe concentrations of or unsafe conditions relating to asbestos on the premises. |
| 16. | ☐ | ☒ | ☐ | I am aware of unsafe concentrations of or unsafe conditions relating to lead paint, lead water pipes, lead plumbing pipes or lead in the soil on the premises. |
| 17. | ☐ | ☒ | ☐ | I am aware of mine subsidence, underground pits, settlement, sliding, upheaval, or other earth stability defects on the premises. |
| 18. | ☐ | ☒ | ☐ | I am aware of current infestations of termites or other wood boring insects. |
| 19. | ☐ | ☒ | ☐ | I am aware of a structural defect caused by previous infestations of termites or other wood boring insects. |
| 20. | ☐ | ☒ | ☐ | I am aware of underground fuel storage tanks on the property. |
| 21. | ☐ | ☒ | ☐ | I am aware of boundary or lot line disputes. |
| 22. | ☐ | ☒ | ☐ | I have received notice of violation of local, state or federal laws or regulations relating to this property, which violation has not been corrected. |
| 23. | ☐ | ☒ | ☐ | I am aware that this property has been used for the manufacture of methamphetamine as defined in Section 10 of the Methamphetamine Control and Community Protection Act. |

**Note:** These disclosures are not intended to cover the common elements of a condominium, but only the actual residential real property including limited common elements allocated to the exclusive use thereof that form an integral part of the condominium unit.

**Note:** These disclosures are intended to reflect the current condition of the premises and do not include previous problems, if any, that the seller reasonably believes have been corrected.

FORM 108 (7/28/16) COPYRIGHT ILLINOIS REALTORS® Page 1 of 4

# RESIDENTIAL REAL PROPERTY DISCLOSURE ACT
## ARTICLE 2: DISCLOSURES
### 765 ILCS 77/5 *et seq.*

**Section 5. Definitions:** As used in this Act, unless the context otherwise requires the following terms have the meaning given in this section:

"**Residential real property**" means real property improved with not less than one nor more than four residential dwelling units: units in residential cooperatives; or, condominium units including the limited common elements allocated to the exclusive use thereof that form an integral part of the condominium unit. The term includes a manufactured home as defined in subdivision (53) of Section 9102 of the Uniform Commercial Code that is real property as defined in the Conveyance and Encumbrance of Manufactured Homes as Real Property and Severance Act.

"**Seller**" means every person or entity who is an owner, beneficiary of a trust, contract purchaser or lessee of a ground lease, who has an interest (legal or equitable) in residential real property. However, "seller" shall not include any person who has both (i) never occupied the residential real property and (ii) never had the management responsibility for the residential real property nor delegated such responsibility for the residential real property to another person or entity.

"**Prospective buyer**" means any person or entity negotiating or offering to become an owner or lessee of residential real property by means of a transfer for value to which this Act applies.

**Section 10. Applicability.** Except as provided in Section 15, this Act applies to any transfer by sale, exchange, installment land sale-contract, assignment of beneficial interest, lease with an option to purchase, ground lease or assignment of ground lease of residential real property.

**Section 15. Applicability; Exceptions.** The provisions of this Act do not apply to the following:

(1) Transfers pursuant to court order, including, but not limited to, transfers ordered by a probate court in administration of an estate, transfers between spouses resulting from a judgment of dissolution of marriage or legal separation, transfers pursuant to an order of possession, transfers by a trustee in bankruptcy, transfers by eminent domain and transfers resulting from a decree for specific performance.

(2) Transfers from a mortgagor to a mortgagee by deed in lieu of foreclosure or consent judgment, transfer by judicial deed issued pursuant to a foreclosure sale to the successful bidder or the assignee of a certificate of sale, transfer by a collateral assignment of a beneficial interest of a land trust, or a transfer by a mortgagee or a successor in interest to the mortgagee's secured position or a beneficiary under a deed in trust who has acquired the real property by deed in lieu of foreclosure, consent judgment or judicial deed issued pursuant to a foreclosure sale.

(3) Transfers by a fiduciary in the course of the administration of a decedent's estate, guardianship, conservatorship, or trust.

(4) Transfers from one co-owner to one or more other co-owners.

(5) Transfers pursuant to testate or intestate succession.

(6) Transfers made to a spouse, or to a person or persons in the lineal line of consanguinity of one or more of the sellers.

(7) Transfers from an entity that has taken title to residential real property from a seller for the purpose of assisting in the relocation of the seller, so long as the entity makes available to all prospective buyers a copy of the disclosure form furnished to the entity by the seller.

(8) Transfers to or from any governmental entity.

(9) Transfers of newly constructed residential real property that has not been occupied.

**Section 20. Disclosure Report; Completion; Time of Delivery.** A seller of residential real property shall complete all applicable items in the disclosure document described in Section 35 of this Act. The seller shall deliver to the prospective buyer the written disclosure statement required by this Act before the signing of a written agreement by the seller and prospective buyer that would, subject to the satisfaction of any negotiated contingencies, require the prospective buyer to accept a transfer of the residential real property.

**Section 25. Liability of seller.**

(a) The seller is not liable for any error, inaccuracy, or omission of any information delivered pursuant to this Act if (i) the seller had no knowledge of the error, inaccuracy, or omission, (ii) the error, inaccuracy, or omission was based on a reasonable belief that a material defect or other matter not disclosed had been corrected, or (iii) the error, inaccuracy, or omission was based on information provided by a public agency or by a licensed engineer, land surveyor, structural pest control operator, or by a contractor about matters within the scope of the contractor's occupation and the seller had no knowledge of the error, inaccuracy, or omission.

(b) The seller shall disclose material defects of which the seller has actual knowledge.

(c) The seller is not obligated by this Act to make any specific investigation or inquiry in an effort to complete the disclosure statement.

**Section 30. Disclosure supplement.** If, prior to closing, any seller has actual knowledge of an error, inaccuracy, or omission in any prior disclosure document after delivery of that disclosure document to a prospective buyer, that seller shall supplement the prior disclosure document with a written supplemental disclosure.

**Section 35. Disclosure report form.** . . .[omitted]

**Section 40. Material defect.** If a material defect is disclosed in the Residential Real Property Disclosure Report, after acceptance by the prospective buyer of an offer or counter-offer made by a seller or after the execution of an offer made by a prospective buyer that is accepted by the seller for the conveyance of the residential real property, then the Prospective Buyer may, within three business days after receipt of that Report by the prospective buyer, terminate the contract or other agreement without any liability or recourse except for the return to prospective buyer of all earnest money deposits or down payments paid by prospective buyer in the transaction. If a material defect is disclosed in a supplement to this disclosure document, the prospective buyer shall not have a right to terminate unless the material defect results from an error, inaccuracy, or omission of which the seller had actual knowledge at the time the prior disclosure document was completed and signed by the seller. The right to terminate the contract, however, shall no longer exist after the conveyance of the residential real property. For purposes of this Act the termination shall be deemed to be made when written notice of termination is personally delivered to at least one of the sellers identified in the contract or other agreement or when deposited, certified or registered mail, with the United States Postal Service, addressed to one of the sellers at the address indicated in the contract or agreement, or, if there is not an address contained therein, then at the address indicated for the residential real property on the Report.

**Section 45. Effect of Act on Other Statutes or Common Law.** This Act is not intended to limit or modify any obligation to disclose created by any other statute or that may exist in common law in order to avoid fraud, misrepresentation, or deceit in the transaction.

**Section 50. Disclosure Report; Method of Delivery.** Delivery of the Residential Real Property Disclosure Report provided by this Act shall be by:

(1) personal or facsimile delivery to the prospective buyer;

(2) depositing the report with the United States Postal Service, postage prepaid, first class mail, addressed to the prospective buyer at the address provided by the prospective buyer or indicated on the contract or other agreement; or

(3) depositing the report with an alternative delivery service such as Federal Express, UPS, or Airborne, delivery charges prepaid, addressed to the prospective buyer at the address provided by the prospective buyer or indicated on the contract or other agreement.